# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE SMITH, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:17-CV-3350-L |
| US FOODS, INC., US FOODS, US FOODSERVICE, JASON MCCOLLUM, DONALD EVANS, JASON BENTON, and BRIAN GEIER, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Opposed Motion to Remand (Doc. 6), filed January 3, 2018. After carefully considering the motion, briefing, pleadings, record, and applicable law, the court **grants** Plaintiff's Opposed Motion to Remand.

**I.   Background**

On October 25, 2017, Plaintiff Terence Smith ("Smith") filed Plaintiff's Original Petition ("Petition") in the 14th Judicial District Court of Dallas County, Texas, alleging that he suffered a work-related injury because of various negligent acts of his employer, US Foods, Inc. ("US Foods"), and his immediate supervisor, Defendant Donald Evans ("Evans"). Smith alleges that on October 30, 2015, at the direction and under the control of Evans, he was required to remove a ramp from a US Foods trailer that had a sharp metal object on it, and that, as a result, he lacerated his finger on the ramp, requiring several surgeries and amputation of his finger. Smith further alleges he was not provided proper gloves with which to remove the ramp. He also contends that the ramp was not

**Memorandum Opinion and Order - Page 1**

being kept in a safe condition. He alleges Defendants knew or should have known that it was foreseeable that should an employee not have appropriate equipment, specifically appropriate gloves, he could get cut or hurt while removing ramps that were not maintained. He further alleges that Defendants failed to maintain the safety of trailers, ramps, and the work area to prevent employees from being hurt. In addition to bringing negligence and gross negligence claims against Defendants US Foods and Evans, he also brings negligence-based claims against Jason McCollum ("McCollum"), US Foods's safety manager; James Benton ("Benton"), US Foods's transportation manager; and Brian Geier ("Geier"), US Foods's South Region Safety Program Manager.[1]

Defendant US Foods removed the case to this court on December 11, 2017, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); Defs.' Notice of Removal 2 (Doc. 1).[2] Specifically, US Foods asserts that Smith is a citizen of Texas and that it is a citizen of Delaware and Illinois because it is incorporated under the laws of the state of Delaware with a principal place of business in Rosemont, Illinois. *Id.* (citing 28 U.S.C. § 1332(c)(1)).[3] In its Notice

---

[1] In his Petition, Smith also named US Foodservice, Inc., US Foodservice, and US Foods as Defendants. In its Notice of Removal, US Foods, Inc. notes that these Defendants are incorrectly named, as these "entities are not existing legal entities, were not Plaintiff's employer, and Plaintiff has not obtained citations for same." Def.'s Notice of Removal 1 n.1. In his motion to remand, Smith does not dispute that these entities were improperly named. Accordingly, the court does not address the citizenship of these incorrectly named entities.

[2] As Evans, McCollum, Benton, and Geier had not been served at the time of removal, no consent for removal is required of them. 28 U.S.C. §1446 (A removing party must secure the consent only of defendants who have been "properly joined and served.").

[3] In asserting that Smith is a Texas citizen for purposes of diversity jurisdiction, US Foods cites to the Petition. *See* Def.'s Notice of Removal 2 (citing Pl.'s Orig. Pet. 1). Page One of the Petition alleges only that "Plaintiff, Terence Smith, is an individual *residing* in Fort Worth, Texas, Tarrant County." Pl.'s Orig. Pet. 1 (Ex. A-1 to Def.'s Notice of Removal) (emphasis added). In his motion to remand, Smith repeats that he is a Texas "resident." Pl.'s Opposed Mot. for Remand 1 (Doc. 6). In considering whether removal

**Memorandum Opinion and Order - Page 2**

of Removal, US Foods acknowledges that Plaintiff Smith and the individual Defendants Evans, McCollum, Benton, and Geier (sometimes collectively, the "Individual Defendants") are all citizens of Texas, which would defeat diversity jurisdiction, but contends that the Individual Defendants were improperly joined, and that, therefore, their citizenship should be disregarded for purposes of diversity jurisdiction. *Id.* at 2-3.

Smith moved to remand the case on January 3, 2018, arguing that the Individual Defendants were properly joined as Defendants, and, thus, there is not complete diversity of citizenship, which requires that the action be remanded to state court. Smith also seeks attorney's fees and expenses incurred in connection with the motion for remand. The motion has been fully briefed and is ripe for adjudication.

## II.     Applicable Legal Standards

### A.     Removal Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the United States Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless Congress expressly provides otherwise, a defendant may

---

is proper, however, the correct inquiry with respect to an individual is his "citizenship." *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, 485 F.3d at 799 (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). Although citizenship and residency are not synonymous, a close reading of Smith's brief filed in support of his motion to remand makes clear that, albeit incorrectly, he uses these terms interchangeably. *See* Pl.'s Brief in Supp. of Mot. to Remand ¶ 15 (Doc. 7). As such, the court considers this as an acknowledgment by Smith that he is a citizen of Texas and that the Individual Defendants are also citizens of Texas.

remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

**B.     Improper Joinder**

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Defendant US Foods has the burden to establish that Evans was joined by Plaintiff to defeat federal jurisdiction.

*Id*. at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

To establish improper joinder, Defendant US Foods must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Defendant US Foods does not assert fraud on the part of Smith, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir.

1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

C.   **The Applicable Pleading Standard**

In *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, the Fifth Circuit addressed whether state or federal pleadings standards apply to the issue of improper

joinder and held that a federal court must apply the federal pleading standard. 818 F.3d 193, 208 (5th Cir. 2016). The federal pleading standard requires a plaintiff's pleadings to contain sufficient facts to state a claim for relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleadings must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.   Analysis

As previously stated, complete diversity is lacking in this case because both Plaintiff Smith and Defendant Evans are Texas citizens. Removing Defendant US Foods argues the court should disregard Defendant Evans's citizenship because he has been improperly joined to defeat diversity. Def.'s Notice of Removal 2-3. To assess whether Evans was improperly joined, this court only asks whether, applying the federal pleading standard, there is a reasonable basis to predict that Smith states a plausible claim and might be able to recover under state law against Evans. *See International Energy Ventures*, 818 F.3d at 200; *Smallwood*, 385 F.3d at 573. For the reasons that follow, the court so finds.[4]

In his Petition, Smith alleges that on October 30, 2015, under the direct supervision of Evans, who was responsible for overseeing his work, he was required to remove a ramp from a US Foods trailer that had a sharp metal object on it, and that, as a result, he lacerated his finger on the ramp, requiring several surgeries and amputation of his finger. Smith further alleges he was not

---

[4] Although Defendants McCollum, Benton, and Geier are also Texas citizens, the court will limit its analysis to Defendant Evans, as the presence of one nondiverse defendant is sufficient to destroy complete diversity and require remand. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).

**Memorandum Opinion and Order - Page 7**

provided proper gloves with which to perform his job tasks at the time of the incident. He alleges Defendants knew or should have known that it was foreseeable that should an employee not have appropriate equipment, specifically appropriate gloves, he could get cut or hurt while removing ramps that were not maintained in good safe conditions by Defendants. In addition to his negligence and gross negligence claims against US Foods, he alleges that Evans, under whose direct supervision and instruction he removed the sharp-edged ramp without any gloves, is liable to him for negligence. Evans's alleged acts of negligence include "negligently allowing a faulty and/or poorly maintained ramp to be utilized"; "failing to warn [him] that the ramp ha[d] sharp jagged edges [and was] thereby unsafe and/or would require extra care"; "failing to provide [him] adequate assistance in the moving of ramps"; and "failing to provide [him with] adequate gloves." Pl.'s Orig. Pet. 8-9.

Under Texas law, a negligence claim requires proof of the following three elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The threshold issue in a negligence action is duty. *See Greater Houston Transp. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990); *see also Taylor Pipeline Const., Inc. v. Directional Rd. Boring., Inc.*, 438 F. Supp. 2d 696, 711 (E.D. Tex. 2006) ("In a negligence action, '[w]hether a duty exists is a threshold question of law for the court to decide from the facts surrounding the occurrence in question.'"). This duty is the legally enforceable obligation the court imposes on individuals to conform to a particular standard. *Taylor Pipeline*, 438 F. Supp. 2d at 711. Though duty is a question of law to be determined by the court, the issue of the breach of this duty is one of fact. *Heat v. Welch Research Corp.*, 644 F.2d 487, 489 (5th Cir. 1981).

In support of his motion for remand, Smith argues that the court does not have jurisdiction to hear this case because Defendant Evans, also a Texas citizen, is properly joined and his Texas citizenship, therefore, defeats the court's diversity jurisdiction. Smith further argues that US Foods has failed to meet its heavy burden of showing that there is no reasonable possibility that Smith could recover in state court against Defendant Evans for negligence and that, therefore, this case must be remanded to state court.

In opposition, US Foods contends that Defendant Evans, as Smith's supervisor, cannot be found liable for negligence under Texas law because Evans was an employee of US Foods and had no independent duty of care toward Smith separate and apart from that of his employer. In support, US Foods relies on the Texas Supreme Court case of *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996). In *Leitch*, the Texas Supreme Court held that two officers of a corporation could not be held individually liable for the workplace injury of an employee of the corporation. In reversing the lower court's decision that the two officers were individually liable for negligence in causing the employee's injury, the court explained that although the corporation had a duty to use ordinary care in providing a safe workplace for its employees, this duty was nondelegable and belonged solely to the corporation, not its individual agents. *Id.* at 117. The court concluded that "[b]ecause a corporate officer acting on the corporations's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place, and because [the individual officers] did not breach any separate duty, the court of appeals erred in affirming their individual liability." *Id.* at 118. The court went on to note, however, that: "A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, individual liability arises only when the officer or agent owes an independent duty of reasonable care

to the injured party apart from the employer's duty." *Id.* at 117. *Leitch*'s express acknowledgment that a plaintiff can recover against a corporate employee acting within the scope of his employment—as long as the employee owes the plaintiff an independent duty of reasonable care—suggests that Smith can recover against Evans individually for negligence, provided Evans owed a duty to Smith and breached that duty through negligence.

As summarized by another district court in this Division, "The general rule in Texas has always been that '[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.'" *Alexander v. Lincare*, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007) (Fitzwater, C.J.) (quoting *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)) (and collecting cases). Given the allegations of the various duties Evans allegedly breached previously summarized by the court, *see supra*, there is a reasonable possibility that Evans owed Smith an independent duty of care and could possibly recover on his negligence claim against Evans. *See Dodson*, 951 F.2d at 42 (In determining whether a defendant has been improperly joined, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so.")

Unlike the defendants in *Leitch*, Smith alleges that at the time of his injury on October 30, 2015, under Evans's direct supervision, he was required, with no safety gloves, to remove a ramp from a US Foods trailer that had a sharp metal object on it, that Evans failed to warn him of the sharpness of the ramp and failed to provide him adequate assistance to remove the ramp, and that, as a result, he lacerated his finger on the ramp, requiring several surgeries and amputation of his finger. Although the corporate officers in *Leitch* did not owe a duty to provide a safe workplace separate and apart from the duty owed by their corporate employer, here, the court cannot conclude

that the same is true regarding a supervisor who is alleged to have been directly participating in the activities that allegedly caused Smith harm. *See, e.g., Betancourt v. Electrolux Home Care Prod., Inc.*, 2016 WL 6582010 (E.D. Tex. Nov. 7, 2016) (Following removal to federal court based on diversity of citizenship, and considering plaintiff's allegations that his supervisor, who had the same citizenship as he, negligently required him to load a trailer at an excessive pace causing him to suffer a heart attack, the court remanded the case to state court, finding that the plaintiff had adequately alleged his supervisor had a personal duty (or the possibility of one) beyond the employer's duty to ensure a safe workplace, given allegations that the supervisor was directly engaged in the activity that caused harm to the plaintiff.). Further, while US Foods contends in its opposition to the motion to remand that Evans was not "personally, directly or actively involved in the incident giving rise to Plaintiff's injuries[]" and that Smith cut his finger on the ramp "while he was by himself making a delivery to a customer[,]" *see* Def.'s Resp. 9 (Doc. 9), the court may only consider the face of the pleadings at the time of removal in considering whether removal was proper. *Brown*, 901 F.2d at 1254. There are no allegations in the Petition that Smith was alone on a delivery when he cut his finger on the ramp or allegations that Evans was not personally or directly involved in the incident. To the contrary, Smith alleges in the Petition that Evans was directly supervising him at the time he was required to move the ramp, failed to warn him about the sharp ramp, and failed to provide him assistance with removing the ramp, proximately causing his injuries.

The Fifth Circuit has "cautioned against pretrying a case to determine removal jurisdiction[.]" *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (citation omitted). As the court must resolve contested issues of fact and legal ambiguities in a plaintiff's favor, *see Travis*, 326 F.3d at 649, the court concludes that Smith alleges sufficient facts to state a plausible negligence claim against

Evans. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). US Foods has failed to carry its heavy burden of establishing that Smith's claim lacks facial plausibility. US Foods, therefore, has failed to demonstrate that Evans was improperly joined as a defendant. Because Smith is a Texas citizen and Evans is a Texas citizen, complete diversity between the parties does not exist, leaving the court without subject matter jurisdiction. This case must, therefore, be remanded to state court.

### IV. Smith's Request for Attorney's Fees and Costs

Smith requests that the court award him attorney's fees and costs incurred in obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Pl.'s Opposed Mot. to Remand ¶¶ 13-14 (Doc. 6). According to Smith:

> Plaintiff further shows that Defendants had no plausible basis for claiming that this court had jurisdiction on any basis that would take precedence over any cause of action in Plaintiff's petition. As such, the notice of removal served as an unnecessary and needless delay in the trial of this cause and greatly increased the cost of this litigation. Plaintiff respectfully moves this court to order Defendants to pay the amount of reasonable expenses incurred by Plaintiff in preparing and presenting this motion and brief in support thereof, including reasonable attorney's fees.

*Id.* ¶ 13. Smith requests "attorney[']s fees in the amount of at least $5,000.00, or whatever amount the court deems proper, based on time and expenses necessary to prepare and present this motion and response to Defendants' improper removal." *Id.* ¶ 14.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding

attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The court determines that an award of fees and costs is not warranted. This is not an instance in which the court can conclude that US Foods lacked objectively reasonable grounds to believe that removal was legally proper. Whether sufficient facts have been alleged for the district court to predict that a plaintiff might be able to recover against a nondiverse defendant is often a close call and not readily determinable. This is one of those cases. As the court cannot say that US Foods lacked objectively reasonable grounds to remove, Smith has not persuaded the court that an award of attorney's fees and costs is merited under applicable law. Accordingly, the court will deny Smith's request for attorney's fees and costs.

## V. Conclusion

As Defendant Evans and Plaintiff Smith are citizens of Texas and there is no improper joinder, complete diversity of citizenship between the parties does not exist. Because complete diversity does not exist, the court lacks jurisdiction to entertain this action, and it must be remanded to state court. *See* 28 U.S.C. § 1447(c). Accordingly, the court **grants** Plaintiff's Opposed Motion to Remand (Doc. 6) but **denies** his request for attorney's fees and costs. Pursuant to 28 U.S.C. § 1447(c), the court **remands** this action to the 14th Judicial District Court, Dallas County, Texas,

from which it was removed, and **directs** the clerk of court to effect the remand in accordance with the usual procedure.

**It is so ordered** this 15th day of August, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge